IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00872-BNB

GABRIELE GUNDLACH,

    Applicant,

v.

JOE PELLE, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

    Applicant, Gabriele Gundlach, has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging her conviction and sentence in Boulder County Court case number 10M2938.  The court must construe the application liberally because Ms. Gundlach is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Ms. Gundlach will be ordered to file an amended pleading if she wishes to pursue any claims in this action.

    The court has reviewed the application and finds that it is deficient because Ms. Gundlach fails to provide a clear statement of the claims she is asserting in this action. More specifically, she fails to identify the specific constitutional right allegedly violated with respect to each claim and she fails to provide specific factual allegations in support of her claims demonstrating that her federal constitutional rights have been violated. For example, Ms. Gundlach asserts in her first claim that the trial court lacked

jurisdiction, but she fails to provide a clear statement of why she believes the trial court lacked jurisdiction and she fails to identify the specific constitutional right allegedly violated as a result of the alleged lack of jurisdiction. A conclusory assertion that "[c]onviction(s) obtained by Boulder court(s) rendering judgment(s) was without jurisdiction over the person of the application or the subject matter in deprivation of applicant[']s 6th, 11th, 13th, and 14th Amendment rights" (ECF No. 1 at 5) is not sufficient to state a cognizable claim for relief. Ms. Gundlach also fails in each of her other claims to provide a clear statement of the federal constitutional right allegedly violated and the specific facts that support the claim.

In order to avoid any confusion regarding her claims in this action, Ms. Gundlach will be directed to file an amended pleading that identifies clearly both the specific federal constitutional claims she is asserting and the specific facts that support each individual claim. Ms. Gundlach is not required to include legal argument and legal citations in support of her claims. Instead, Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts require that Ms. Gundlach "specify all [available] grounds for relief" and "state the facts supporting each ground." Ms. Gundlach is advised that these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v.*

*Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Finally, the Court notes that Ms. Gundlach requests various forms of relief, including damages and relief available in an action filed by the Federal Trade Commission, that are not appropriate in a habeas corpus action. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To the extent Ms. Gundlach intends to seek relief other than release from her allegedly illegal custody, she must file a separate action in an appropriate forum. Accordingly, it is

ORDERED that Ms. Gundlach file an amended application that complies with this order **within thirty (30) days from the date of this order**. It is

FURTHER ORDERED that Ms. Gundlach shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Ms. Gundlach fails to file an amended application that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED April 9, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge